IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANITA L. ZURLIENE and KEVIN L. ZURLIENE,<br><br>    Plaintiffs,<br><br>vs.<br><br>DEMETRIOS KOTSIKAS, UROLOGY CONSULTANTS, LTD and BOSTON SCIENTIFIC CORPORATION,<br><br>    Defendants. | Case No. 14-cv-1293-SMY-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Remand (Doc. 7). On August 29, 2014, Plaintiffs filed their complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. Defendant Boston Scientific Corporation ("Boston Scientific") removed the action to this Court on the basis of diversity jurisdiction. Plaintiffs and Defendant Kotsikas are citizens of Illinois. Boston, however, contends that diversity jurisdiction is proper because defendants Kotsikas and Urology Consultants, Ltd. ("Urology Consultants") were fraudulently joined. Specifically, Defendant contends that the informed consent claims against Kotsikas and UC fail to state a claim under Illinois malpractice law. Plaintiffs filed their motion for remand arguing that they have sufficiently pleaded their claims and attached the requisite affidavit and certificates of merit to support the legitimacy of their claims against Defendants Kotsikas and UC.

Removal is proper where the district court has original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing diversity of citizenship. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). There is a strong presumption in favor of

remand and courts must narrowly interpret the removal statute.  *Id*.  To establish fraudulent joinder, "[t]he defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."  *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).  If the removing defendant establishes fraudulent joinder, "the federal district court considering removal may 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'"  *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009)).

Plaintiffs' claims allege medical malpractice based on informed consent claims against Defendants Kotsikas and Urology Consultants.  To allege a claim for medical malpractice based on informed consent, a plaintiff must plead the following four elements: "(1) the physician had a duty to disclose material risks; (2) he failed to disclose or inadequately disclosed those risks; (3) as a direct and proximate result of the failure to disclose, the patient consented to treatment she otherwise would not have consented to; and (4) plaintiff was injured by the proposed treatment." *Coryell v. Smith*, 653 N.E.2d 855, 857 (Ill. App. Ct. 1995).

In their Complaint, Plaintiffs allege that Kotsikas "failed to inform the patient that the transobturator tape placed on or about 10/22/12 to treat stress/urgency urinary incontinence could migrate and cause damages" (Doc. 2-2, p. 2).  Plaintiffs further allege that the aforementioned omission caused damages to Plaintiffs.  Plaintiffs did not specifically plead a duty or that the patient consented to treatment she otherwise would not have consented to.  However, even if a court would dismiss the complaint on this basis, the court would most likely grant Plaintiffs leave to replead their causes of action.  Additionally, Plaintiffs attached a certificate of merits to

their Complaint in which a physician attested that Defendants Kotsikas and Urology Consultants "deviated from the acceptable standards of medical practice" through Kotsikas' omissions (Doc. 7-1, p. 19). Such a certificate further supports the conclusion that Plaintiffs have legitimate claims against Defendants Kotsikas and UC. As such, after resolving all issues of fact and law in favor of Plaintiffs, Plaintiffs claims are likely to survive a motion to dismiss for failure to state a claim. Accordingly, Boston Scientific has failed to meet its burden of establishing diversity of citizenship.

Defendant next argues that Plaintiffs' claims against Defendants Kotsikas and Urology Consultants should be severed so this Court can maintain jurisdiction over the claim against Boston Scientific. Specifically, Defendant invokes the doctrine of procedural misjoinder arguing that Defendants Kotsikas and Urology Consultants are dispensable parties pursuant to Rule 19, the rule covering the required joinder of parties. As such, Defendant reasons the Court may sever them from the case pursuant to Rule 21, the rule which give this Court the authority to drop a misjoined party or sever a claim against a party. Courts in the Southern District of Illinois, however, have declined to recognize procedural misjoinder. *See In re Pradaxa Prods. Liability Litig.*, 13-cv-60041-DRH-SCW, 2014 WL 257831, at *2 (S.D. Ill. Jan. 23, 2014). "[R]ecognition of such a doctrine acts as an improper expansion of subject matter jurisdiction, as misjoinder under the applicable permissive joinder rules is a matter to be resolved first at the state level." *Id*. Accordingly, this Court will not sever Plaintiffs' claims against Kotsikas and Urology Consultants.

Finally, Plaintiffs seek reasonable costs and attorney's fees. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual

circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  The Court finds that Defendant had an objectively reasonable basis for removal.  As such, the Court will not award fees.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Remand (Doc. 7) to the extent it **REMANDS** this cause back to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:** December 17, 2014

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**